**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kaleena Leah MORALES,**
**Defendant–Appellant.**

**No. 12–10069.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2013.

Filed July 2, 2013.

Ryan P. Dejoe, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

John D. Kaufmann, Esquire, Law Office of John D. Kaufmann, Tucson, AZ, for Defendant–Appellant.

Before: McKEOWN, CALLAHAN and IKUTA, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**MEMORANDUM** *

Kaleena Leah Morales appeals her convictions for one count of conspiracy to transport aliens who unlawfully came to or entered the United States, *see* 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) & (a)(1)(B)(i), and three counts of transporting those aliens, *see* 8 U.S.C. §§ 1324(a)(1)(A)(ii) & (a)(1)(B)(i), in each case for private financial gain. We have jurisdiction under 28 U.S.C. § 1291.[1]

The district court did not err in denying Morales's motion to suppress. Officer Kroeger's decision to stop Morales was based on his observations that her truck was traveling below the average speed of traffic and that her windshield was cracked. These observations were sufficient to form a reasonable basis to suspect that Morales was violating Arizona Revised Statutes §§ 28–721(B) and 28–957.01. *See United States v. Lopez–Soto,* 205 F.3d 1101, 1104 (9th Cir.2000). Therefore, the investigatory stop of her vehicle was constitutional and suppression was not required.

The district court did not clearly err in denying Morales a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The court correctly acknowledged that Morales was still eligible for the adjustment despite having gone to trial, *see United States v. Ramos–Medina,* 706 F.3d 932, 941–42 (9th Cir.2013), but nonetheless concluded that she had not met her burden of demonstrating acceptance of responsibility based on her pretrial statements and conduct. This conclusion was supported by the record, which does not provide any indication that she accepted responsibility until she appeared at sentencing. *See United States v. Mar-*

1. In an opinion filed concurrently with this memorandum disposition, we address Morales's evidentiary claims and affirm her conviction.

*tinez–Martinez,* 369 F.3d 1076, 1090 (9th Cir.2004).

**AFFIRMED.**